**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CORTEZ BLAKEMORE, #18370-041 and #7515412, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 26-cv-00075-JPG ) |
| PULASKI COUNTY JAIL, JOHN DOE 1, and JOHN DOE 2, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, Cortez Blakemore, an inmate in the Pulaski County Detention Center, brings this action under 42 U.S.C. 1983 for injuries he sustained while being transported without a seatbelt (Doc. 11). Plaintiff's original Complaint was dismissed without prejudice for failure to state a valid claim, and he was given until March 9, 2026 to file a First Amended Complaint. (Doc 7). Plaintiff filed his First Amended Complaint on February 25, 2026. (Doc 11). However, on April 23, 2026, the First Amended Complaint was dismissed without prejudice for failure to state a valid claim of relief against any named defendant. (Doc. 12). Plaintiff was allowed up to and including May 22, 2026 to file a Second Amended Complaint. *Id.* He was warned that the action would be dismissed for failure to comply with a court order and/or for want of prosecution if he failed to do so. He was also warned that such a dismissal would count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). *Id.*

Plaintiff missed the deadline for filing the Second Amended Complaint. More than a week has passed since this deadline expired, and the Court has received no communication from him in

1

this case. The Court will not allow this matter to linger indefinitely. This lawsuit is now dismissed because the First Amended Complaint failed to state a claim pursuant to 28 U.S.C. 1915A, and Plaintiff failed to comply with a Court Order.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to state a claim for relief in the First Amended Complaint and for failure to comply with the Court's Order (Doc. 12) to file a Second Amended Complaint. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Plaintiff is **ADVISED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 5, 2026**

_____
**J. PHIL GILBERT**
**United States District Judge**

2